CITIZENS' BANK OF STEUBENVILLE, Respondent, v. JOHN B. CARSON, Appellant.

*Account Current—Balance.*—A banker is not required by law to apply a balance due by him on account current to his depositor to the payment of a liability from his customer to himself upon a bill or note. In a suit by the banker against the acceptor of a bill, the fact that the drawer had an account with the banker, and that after protest of the bill there were balances in favor of the drawer, would not be evidence in favor of the acceptor to show a payment or satisfaction by the drawer.

*Accord and Satisfaction.*—The taking a promissory note for an antecedent debt° does not extinguish the obligation, unless the note be accepted in satisfaction.

### Appeal from St. Louis Circuit Court.

This was an action on a bill of exchange by the endorser against the acceptor. The bill was drawn by George H. Orth & Bro., at four months, upon John B. Carson, and accepted by him, payable to the order of said Orth & Bro., and

endorsed by them to the Citizens' Bank of Steubenville, the above appellee and holder. The appellant, John B. Carson, sets up payment as a defence to said action that if the same was not paid by Orth & Bro., the endorsers of said draft, then said Citizens' Bank, the holder thereof, was guilty of laches in not collecting the same from the endorsers, Orth & Bro., whereby they have lost all remedy against the acceptor John B. Carson, and that thereby said John B. Carson was discharged, and should not be held liable to pay the same. At the trial the defendant offered to introduce the bank account of Orth & Bro. with the Citizens' Bank, which was objected to and excluded by the court on the ground of irrelevancy and incompetency. The court then gave the following instructions for the plaintiff:

"Although the court may believe from the evidence in the cause that the endorsers and drawers of the bill gave their note for the amount of said bill, yet this is no defence to this action unless the court further finds that said bill was paid and satisfied by said Carson or some one else.

The giving of the note of said Orth & Bro. for said bill, with the bill as collateral security, and if the said note was never paid, is not payment of said bill, and so the court should find. The giving of a note for a debt is not payment of the debt, unless said note be paid or agreed to be taken in payment of the debt, nor is a renewal of said note a payment of said note, nor the original debt for which it was given.

If the court finds the facts to be that said Orth & Bro. negotiated said bill of exchange in question to the plaintiff for value before maturity, and that the same was accepted by defendant, John B. Carson, and that after said bill was protested and returned to plaintiff unpaid, said Orth & Bro. gave plaintiff their note for the amount of said bill, and that the plaintiff retained said bill as security for said note of Orth & Bro., and that after said note of Orth & Bro. fell due it was renewed, and that neither said note nor the renewal thereof was ever paid nor agreed to be taken in payment of or as an extinguishment of the right of action on

said bill, then the court will find for the plaintiff, and assess the damages at the face of the bill, together with damages at the rate of ten per cent. and interest on the amount of bill and damages from the maturity thereof to the present time, at the rate of six per cent.

If the court finds the facts to be that defendant, John B. Carson, accepted the bill in question, either before or after it was negotiated to plaintiff, then he becomes the principal debtor on said bill to said Bank of Steubenville, and it makes no difference whether he had funds in his hands at the time of said acceptance or the maturity of said note or not; and so far as the plaintiff is concerned, his liability was fixed by his acceptance of the bill, and no extension granted to the drawers or endorsers of said bill, or failure on the part of the plaintiff to sue or collect the same of the drawers or endorsers, will operate as a discharge to the defendant. And if the court further finds that said bill was never paid to said plaintiff, and that said plaintiff did not agree to take any other note in payment thereof, then the court will find for the plaintiff; and in that case it makes no difference whether said bill was held by the plaintiff as the primary debt, or as collateral security for another note of Orth & Bro. given for the amount of said bill, if said note of Orth & Bro. was never paid to said bank."

The following instructions on behalf of the defendant were given:

1. If the court, sitting as a jury, finds that the plaintiff accepted a note from Orth & Bro. for the amount of the bill in satisfaction of said Orth & Bro.'s liability on the bill as drawers and endorsers, it would, at the same time, release Carson, the acceptor, from all liability to plaintiff on the bill, no difference what the understanding might be between Orth & Bro. and the bank as to whether Carson should be released from the bill or not, the bank being entitled to but one satisfaction of the bill.

To the giving of which instructions the plaintiff excepted.

Defendant also prayed the following instructions, which were refused:

2. If Orth & Bro. were at the same time indebted to the bank in several amounts in addition to their liability as drawers of the bill, and all of these demands, including amount of bill, were brought into one sum, and one or more notes given therefor without regard in size to the separate amounts of the original debts, it would make out a *prima facie* case of intended satisfaction of Orth & Bro.'s liability upon the bill as well as of the other debts.

Defendant asked the following instructions, which were refused:

3. If, after the bill was protested for non-payment, plaintiff, who was banker for Orth & Bro., had a balance on deposit account with plaintiff sufficient to satisfy the debt represented by the bill, and owed the plaintiff no other debt then due, or to the payment of which said balance was applied, or for the security of which it was then intended by plaintiff to be held, and the plaintiff did not apply said balance to the debt of the bill, then Carson would be discharged from all liability on the bill, plaintiff failing to make such application at its own risk.

4. If, after the bill was protested for non-payment, the plaintiff, being banker for Orth & Bro., agreed to look primarily to them by taking their note for the amount of the bill, or in any other manner, and, after such agreement, Orth & Bro. had a balance on deposit account with plaintiff sufficient to satisfy the debt, and plaintiff at the time had no other claim against Orth & Bro. which was due, or for the payment or security of which it contemplated holding or applying said balance, and did not apply the same to said bill, or the note given as aforesaid therefor, if then due, but did permit Orth & Bro. to check out the same without regard to its intended use; the failure to make such application would therefore exonerate Carson, the acceptor, from liability on the bill to plaintiff, plaintiff having failed to make such application at its own *risk*, especially so, if after the existence

of such balance Orth & Bro. had become insolvent, and Carson would be unable to recover thereon, if entitled to do so.

5. The acceptance of the note of Orth & Bro. by plaintiff for the amount of the bill, if it did not satisfy the bill in plaintiff's hands and release Carson from liability to plaintiff, bound the plaintiff to the use of due diligence in endeavoring to collect said note before proceeding against Carson upon the bill, which due diligence the plaintiff must prove in the action upon the bill.

6. If, after the protest of the bill for non-payment, the plaintiff and Orth & Bro. agreed that the latter should give their note for the amount of the bill, and plaintiff should retain Carson's acceptance with a view to holding Carson collaterally as security for the payment of the note, and the note was given upon this understanding, such arrangement, if it did not satisfy the bill, placed Carson in the condition of a security to the note, and the renewal of the note, or the giving of time thereon, by binding agreement, without Carson's consent, would work his discharge.

*Hume* and *Jecko*, for appellants.

I. The bank was bound to apply the funds in its hands of Orth & Bro. to the payment of the debt due by them. (Marsh et al. v. Houlditch, cited Chit. Bills, 414, *n.*; Clayton's case, 1 Meriv. 589; Hammersly v. Knowleys, 2 Esp. R. 665; United States v. Kilpatrick, 9 Wheat. 720; Goss v. Stinsen, 3 Summ. 99.)

*Lackland, Cline* and *Jamison*, for respondent.

I. The note of Orth & Bro. taken by the bank did not satisfy and pay the bill, because it was not taken in satisfaction of the debt. (Appleton v. Kennon, 19 Mo. 637; Johnson v. Weed et al., 9 John. 310; Toby v. Banks, 5 John. 68; Bank v. Fletcher, 5 Wend. 87; Owenson v. Moore, 7 T——. 75/ 64.)

II. The bank account was properly excluded.

BATES, Judge, delivered the opinion of the court.

This suit is brought upon a bill of exchange drawn by Orth & Bro. upon Carson, who accepted it, but failed to pay at maturity, and it was duly protested. After the dishonor of the bill, Orth & Bro., the drawers of it, made an arrangement with the plaintiff, which was the holder of it, whereby the drawers gave their note to the plaintiff for the amount of the bill, the plaintiff still retaining the bill. The note was not paid. The court below, upon the trial, instructed that if the note was given and accepted in satisfaction of the bill, the defendant was thereby discharged; but if the arrangement was not.in satisfaction of the note, the defendant was not discharged thereby.

The plaintiff was the banker of Orth & Bro. During the trial the defendant offered in evidence the bank account of Orth & Bro. with the plaintiff, to show that after the bill matured and the note was given, Orth had. balances on deposit with the plaintiff equal to the amount of the bill.

This testimony was rejected, to which the defendant excepted. We see no error in the action of the Circuit Court. The defendant was primarily liable upon the bill, and unless the plaintiff accepted Orth & Bro.'s note as an extinguishment of the bill, his liability is not discharged. It plainly appears from the testimony that there was no intention to discharge the defendant, and the acceptance of the note had not (against the intention of the parties) that legal effect. The bank account offered in evidence was properly excluded. The plaintiff was not bound, even if it had the right, to apply a balance of current account to the payment of a liability fixed by bill or note, and it is only upon the opposite supposition that the account was relevant evidence.

Judgment affirmed. Judges Bay and Dryden concur.