DERRICK A. JANUARY *et al.*, Respondents, *v.* CALEB RICE *et al.*, Appellants.

*Jurisdiction.*—Where the endorser of a promissory note residing out of the county in which suit was brought was joined as defendant with other parties to the note who were resident, the court did not lose jurisdiction over the non-resident defendant by the dismissal of the suit as to all the resident defendants.

*Appeal from St. Louis Court of Common Pleas.*

Defendant Rice, residing in St. Charles county, was sued jointly with the other defendants, residing in St. Louis county, upon a note made by Barclay and endorsed by Robbins, Hungerford, and by Rice, successively. Robbins and Barclay were served with process in St. Louis county; Rice was served in St. Charles county; Hungerford was not found.

Robbins and Barclay answered, and the case tried and judgment rendered. Upon motion the judgment was set aside, whereupon the plaintiffs dismissed as to Barclay, Robbins and Hungerford, and took judgment by default against Rice, April 7, 1860, for $1,768, with ten per cent. interest.

Upon May 22, 1860, execution having issued to St. Charles county, defendant Rice filed his motion to set aside the judg-

ment by default, because the court had no jurisdiction after the suit was dismissed as to all the defendants residing in St. Louis county, and also filed an affidavit alleging that he was accommodation endorser and had a good defence. This was overuled.

A motion in arrest was also filed for want of jurisdiction of defendant's person after the dismissal as to the other defendants and because the judgment was irregular. This motion was overuled also, and defendant appealed.

*Whittelsey*, for appellants.

I. By the Practice Act, (R. C. 1855, p. 1220, art. 4, § 1,) where the defendant is a resident of this State, suit must be brought in the county in which the defendant resides, or in which defendant is found, and plaintiff resides; and where there are several defendants residing in different counties, suit may be brought in any such county. (See also, § 12, p. 1224, R. C. I855.)

This defendant was joined with the other defendants by virtue of the provisions of R. C. 1218, § 6, which could not have been done at common law.

It is admitted, therefore, that the suit was properly brought in the first place; but defendant contends, that when he was left as the sole defendant by the dismissal of the others, he stood in the same relation to the plaintiff as if he had been sued alone in the first place and served with process in St. Charles county.

In such case he could have demurred for want of jurisdiction of his person. (R. C. 1855, p. 1231, § 6, § 1.) The judgment therefore was irregular, and the default should have been set aside for that reason. (Neidenberger v. Campbell, 11 Mo. 359; Doan v. Holly, 27 Mo. 256.) Where there is irregularity in the proceedings, the court may even set aside the judgment at a subsequent term. (Brewer v. Dinwiddie, 25 Mo. 351; Stacker v. Cooper Ct. C., 25 Mo. 401; Smith's Adm'r v. Rollins, 25 Mo. 408; Doan v. Holly, 25 Mo. 357; Harbor v. Pacific R.R. 32 Mo. 423.)

II. It was apparent upon the record, that the court when it entered the judgment had no jurisdiction of the person of defendant.

The statute had been violated, the judgment was errroneous, and should have been arrested. (R. C. 1855, p. 1286 ; Harbor v. Pacific R.R. 32 Mo. 423.) Jurisdiction could not be forced nor obtained by trick. (Ashburn v. Ayres, 28 Mo. 75.)

*B. A. Hill*, for respondents.

BATES, Judge, delivered the opinion of the court.

This suit was brought against four persons. It was brought in St. Louis county, and a summons issued against three of the defendants, Barclay, Robbins and Hungerford, to that county, and a counterpart was issued to St. Charles county, against the defendant Rice, who resided in that county. Hungerford was not served with process, the other defendants were. Barclay and Robbins answered ; Rice did not, but made default, and the petition was taken against him as confessed on the 28th of September, 1859.

On the 23d of February, 1860, the plaintiff dismissed his suit as to Hungerford, and a jury was sworn to try the issues between the plaintiff and the defendants Barclay and Robbins, and to assess the damages against Rice. A verdict and judgment were given for the plaintiff against those three defendants for the damages assessed.

Upon motion this judgment was set aside and vacated by the court; afterward on the 7th April, 1860, the plaintiffs dismissed their suit as to all the defendants except Rice, and had their damages assessed and final judgment against Rice.

Rice moved the court to set aside the judgment against him upon the alleged ground that the court had no jurisdiction to render judgment against him after the dismissal of the suit as to the other defendants. The court overruled his motion and he brings the case up by appeal. There is no error in the action of the court below. It is not disputed but that the court had jurisdiction of Rice, while the other

defendants were parties to the suit. That being the case, it did not lose jurisdiction by the dismissal as to the other defendants. Being once properly subject to the court, the jurisdiction of the court over him could not be interrupted by the results of the proceeding as to other parties. Especially is this the case where the petition had been taken as confessed as against him, whilst the other defendants were parties, and nothing remained to be done but to assess the plaintiff's damages.

Judgment affirmed. Judges Bay and Dryden concur.