————O————

JACOB FUDGE, Administrator of the estate of JOSEPH JEWELL, Defendant in Error, *vs.* JAMES DURN *et al.*, Plaintiffs in Error.

1. *Administrator — Care required of.*—An administrator is not an insurer of the property of the decedent. He is liable for loss thereof, only where he fails to exercise that care and diligence which a prudent man would exercise in the management of his own property.

*Error to Cass County Circuit Court.*

*Johnson & Bottsford*, for Plaintiffs in Error.

I. This administrator had given bonds to "pay and deliver

all money of said estate, " and notwithstanding the decision in State *ex rel.*, Townshend vs. Meagher, *et al.*, 44 Mo., 356. We submit that, under the terms of his bond (1 W. S., p. 73, §§ 17, 18,) he is bound to higher responsibility than an ordinary bailee, and cannot discharge such liability, by showing that the money was stolen. (Boyden vs. United States, 13 Wall., 17; Bevans vs. United States, *id.*, 56; United States vs. Prescott, 3 How., 578; United States vs. Keehler, 9 Wall., 83; United States vs. Dashiel, 4 Wall., 182; Commonwealth vs. Comly, 3 Penn. St., 372; Muzzy vs. Shattuck, *et al.*, 1 Denio, 233; Halbert vs. The State, 22 Ind., 125; Thompson vs. Board of Trustees, 30 Ills., 99.)

II. But this administrator did not exercise the care, skill and diligence required of a bailee for hire. The money came in his possession in the fall of 1860, and when he saw the disturbed condition of the country coming on, the following spring and summer, it was carelessness and negligence to keep this amount of money in a bureau drawer at a country residence. He could have deposited the same at some place beyond the impending and apparent danger, and it was negligence not to do so. (State, *ex rel.*, Townshend vs. Meagher, *supra;* Tracy vs. Wood, 3 Mass. C. C., 132; 2 Williams on Executors, 1636 to 1648; Foster, *et al.*, vs. Davis, 46 Mo., 268.)

III. The judgment of the Circuit Court was clearly erroneous in not allowing interest on the amount found due, at least from the date of the final settlement of the administration. (Foster, *et al.*, vs. Davis, 46 Mo., 271.)

*Boggess & Sloan,* for Defendant in Error.

I. Defendant in Error was rightfully allowed credit by the voucher numbered 17, for $444.00. The testimony shows that Defendant in Error took the best care of the estate that he could do, under the circumstances. The facts, in this case, are materially different from those in the cases reported in 44 Mo., page 356 and 46 Mo., page 268. The facts in this case bring this party clearly within the rule there stated, as exempting persons holding fiduciary relations to money or property from liability.

ADAMS, Judge, delivered the opinion of the court

This cause originated in the Common Pleas Court of Cass county, upon an application by the plaintiff as administrator of the estate of Jewel, deceased, to make a final settlement for the purpose of resigning his letters of administration.

The administrator notified the distributees, who were the only parties interested, and appeared and filed written objections to his report, and objected to all the vouchers except No. 17, which was for $444.00 alleged in the report to have been lost by robbery. But notwithstanding there was no specific objection to this voucher, the Common Pleas Court acting as a Probate Court, refused to allow it as a credit, and the plaintiff excepted."

That court also refused to allow two or three other items for which credit, was asked. These credits were disallowed upon the alleged ground, that the administrator had not used due diligence in the collection of the debts constituting the vouchers. The Common Pleas Court found a balance against the administrator, of $807.32-100, which included the $400.00 above referred to.

The plaintiff took the case to the Circuit Court of Cass County by writ of error.

The law establishing the Common Pleas in Cass County, gives it probate jurisdiction, and authorizes writs of error from the Circuit Court. The Circuit Court on examination of the record from the Common Pleas, reversed the judgment, and proceeded to enter judgment for the amount of the Common Pleas judgment, less the $400.00.

The bill of exceptions filed in the Common Pleas Court clearly shows that the $400.00 was kept by the plaintiff at his dwelling house as the money of the estate, and that he was robbed of it by some of Jennison's men from Kansas, during the early part of the war.

The plaintiff himself swore to the robbery, and that it was as safe in his house as it would have been any where in that region of county. This evidence uncontradicted, entitled the plaintiff in my opinion to a credit for this amount.

He was not an insurer in any sense of the word. He was a trustee acting for the benefit of others. Chancellor Kent in Thompson vs. Brown, 4 Johns,Ch. Rep., 619 says "This court has always treated trustees acting in good faith with great tenderness." Lord Hardwick in Knight vs. The Earl of Plymouth, 3 Atk., 480, Dickens 120, said: "If there was no *mala fides*, nothing willful in the conduct of the trustee, the court will always favor him. For as a trust is an office necessary in the concerns between man and man, and which, if faithfully discharged, is attended with no small degree of anxiety and trouble, it is an act of kindness in any one to accept it. To add hazard or risk to that trouble and to subject a trustee to losses which he could not forsee, would be a manifest hardship; and would deter every one from accepting so necessary an office."

Our own court followed this rule in State, *ex rel.* Townshend Admr. vs. Meagher, *et al.*, (44 Mo., 356,) which was a suit on an Administrator's bond, and is very much in point; (see also Foster, *et al.*, vs. Davis, 46 Mo., 268 to the same effect.)

The learned counsel for defendant ask us to review these decisions and refers in support of their views to Boyden vs. United States, 13 Wall., 17, and many other cases previously decided by that court to the same effect.

The cases referred to, were on official bonds given by receivers, &c., of public moneys in which that court holds that such officers are in the nature of insurers, and must account for all moneys coming to their hands, no mattter how safely kept, and that robbery, theft, &c., are no defense, and other authorities are referred to in some of the states maintaining the same doctrine. It is unnecessary to review these authorities as they do not touch the question before this court; as this is not the case of a public officer, we refrain from expressing any opinion in regard to what the law is in such a case. It is sufficient to say that we regard this as a private trust, that we look upon the administrator as the representative of the deceased—and if the deceased if alive and acting as a prudent man could not have prevented the loss, his representative ought to be exonerated under the like circumstances. There are other items in the administrator's

account which I am not satisfied, were properly rejected, but we cannot look into them as the plaintiff does not complain. Besides the defendant asks that interest be allowed on the amount, found by the Circuit Court.

Upon the whole case, I think the judgment of the Circuit Court must stand.

Judgment affirmed. The other Judges concur.