J. D. CHORN, Respondent, v. J. H. ZOLLINGER, Admr., et al., Defendants, GEORGE B. VAUGHN, Appellant.

Kansas City Court of Appeals, May 2, 1910.

1. VENUE: Defendants Residing in Different Counties. A person having a joint cause of action against two persons, one residing within and one without the county where the suit is filed, may have service on the latter in his own county. And this rule applies even though the defendant residing in the county where the suit is brought is the administrator of an insolvent estate.

2. ———: ———. In such case the good faith of the plaintiff cannot be impugned. He is entitled to his judgment as well against an insolvent as a solvent debtor.

3. PAYMENT: Merger of Account into Note. Taking a note of one debtor for the debt of two is not an extinguishment of the

liability of the other debtor, in the absence of proof that it was taken as payment and that the payee assumed the risk of its not being paid.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

(1) The court has no jurisdiction of the defendant Vaughn. State ef rel. v. Bradley, 193 Mo. 33; Graham v. Ringo, 67 Mo. 324; Bank v. Knox, 47 Mo. 333; Hazelton v. Messmore, 184 Mo. 298. (2) Unless there is a joint liability between the defendants the plaintiff cannot maintain the action. The petition charging a joint liability, the first opportunity defendant Vaughn had to raise the question of jurisdiction was by instruction at the close of plaintiff's case. Marsh's Adm. v. Best, 41 Mo. 493; Byers v. Jones, 79 Mo. 261; Bank v. Knox, 47 Mo. 333.

*John Cosgrove* for respondent.

(1) The defendant Vaughn appeared to the summons and filed his answer and took depositions in the suit without in any way objecting to the jurisdiction of the court over him. He has waived his right to object to the jurisdiction of the court by appearance and pleading the general issue only. He should have either appeared or not appeared. He can not occupy the ambiguous position of answering and acknowledging the jurisdiction of the court, and at a later date deny it. Tower v. Moore, 52 Mo. 118; Harrison v. Murphy, 106 Mo. App. 469; Clark v. Brotherhood, etc., 99 Mo. App. 687; Meyer v. Bristol Hotel Co., 163 Mo. 68; Hembree v. Campbell, 8 Mo. 572. (2) The suit was properly commenced in the circuit court of Cooper county, where the administrator resided. Brown v. Woody, Admr.,

64 Mo. 550; Speer v. Burlingame, 61 Mo. App. 75; Hembree v. Campbell, 8 Mo. 572; Thomasson v. Ins. Co., 116 S. W. 1092; Newcome v. Railroad, 182 Mo. 707. (3) The note of McPherson, taken by Murphy when he went after the mules, was not accepted in payment and was not a payment of the debt due from Vaughn and McPherson to plaintiff. Moore v. Rennick, 95 Mo. App. 202; Rider v. Culp, 68 Mo. App. 527; Way v. Caddell, 82 Mo. App. 144. (4) Even if plaintiff had accepted the note of McPherson, it did not constitute a payment or extinguishment of the debt, unless it was especially agreed that the note was a payment. Shotwell v. Monroe, 42 Mo. App. 669; State ex rel. v. Wagers, 47 Mo. App. 431. (5) Taking a promissory note does not extinguish an open account. McMurry v. Taylor, 30 Mo. 263.

JOHNSON, J.—Plaintiff, a citizen of Howard county, brought this suit in the circuit court of Cooper county against the administrator of the estate of Henry McPherson, deceased, and George B. Vaughn to recover the purchase price of two mules which, it is alleged, plaintiff sold and delivered to McPherson and Vaughn. The petition is in two counts, but a joint obligation of McPherson and Vaughn to plaintiff is the basis of the cause of action pleaded in each. At the time of the transaction in controversy and during the remainder of his life McPherson was a resident of Cooper county, but Vaughn lived in St. Louis county and was in that county when served with process in this action. The estate of McPherson is insolvent. The principal defense pleaded in the answer of defendant Vaughn is that plaintiff, knowing of the insolvency of the estate, "improperly, wrongfully and unlawfully joined the administrator of the estate of Henry McPherson, deceased, and this defendant, as parties to this suit, for the sole

143 App—13

purpose of obtaining jurisdiction over the person of this defendant." The administrator filed no answer.

At the conclusion of the evidence introduced by plaintiff, defendant Vaughn requested the court to give a peremptory instruction directing a verdict in his favor, but the request was refused and defendant rested without offering any evidence. The court, at the request of plaintiff, instructed the jury: "If you believe from the evidence that the defendant George B. Vaughn and Henry McPherson bought of the plaintiff the two mules in controversy and agreed to pay therefor the sum of three hundred and fifty dollars, and that said mules were afterwards shipped to and received by defendant Vaughn for himself and McPherson, then the finding must be for the plaintiff on the first count of the petition with interest from December 11, 1907."

Thus instructed, the jury returned a verdict for plaintiff on the first count and, after his motions for a new trial and in arrest were overruled, defendant Vaughn brought the case here by appeal. He contends that the circuit court acquired no jurisdiction over his person, since he did not reside in that county, was not served with summons therein, and was joined with an insolvent estate merely for the purpose of subjecting him to the jurisdiction of that court. It sufficiently answers this contention to say that the cause of action pleaded in the first count of the petition is for the recovery of the purchase price of property alleged to have been purchased jointly by McPherson and Vaughn; that the proof adduced by plaintiff supports the finding that Vaughn was a party to the joint undertaking alleged and the jury, properly instructed, found for plaintiff on that issue. The statute provides (section 562, R. S. 1899) that "where there are several defendants and they reside in different counties, the suit may be brought in any such county." The obligation created by the contract was joint and the liability of the obli-

gors was joint and several and, since they resided in different counties, the statute authorized plaintiff to bring his suit in the county where either defendant resided, and the good faith of the plaintiff cannot be impugned on the ground that the resident defendant was insolvent. A creditor is as much entitled to judgment against an insolvent debtor as against a solvent debtor.

It appears from the evidence that plaintiff accepted the promissory note of McPherson for the amount of the purchase price of the mules, but there is no proof that the note was taken in extinguishment of the debt and, consequently, its acceptance by plaintiff did not release defendant Vaughn from liability under the contract of sale. "The law in this State is settled that the acceptance of a note either of the debtor or of a third person for a pre-existing debt is no payment, unless the creditor expressly agrees to take it as payment and to run the risk of its being paid." [Shotwell v. Munroe, 42 Mo. App. 669; State ex rel. v. Wagers, 47 Mo. App. 431; McMurray v. Taylor, 30 Mo. 263.]

There is no error in the record and the judgment is affirmed. All concur.