# LUANNA GRAY, Respondent, v. GRAND RIVER COAL & COKE COMPANY, Appellant.

## Kansas City Court of Appeals, January 5, 1914.

1. **NEGLIGENCE: Independent Contractor: Damages.** Plaintiff sued a mining company and an individual for the death of her husband caused by the negligent failure of both defendants to obey a statute imposing a duty upon them. *Held*, that the individual did not occupy the status of an independent contractor; that the principles of law applicable to independent contractors could have no application regardless of the question whether the individual was an independent contractor or not. The primary duty rested upon the mining company which had control of and was operating the mine, and it could not escape the consequences of a failure to perform a statutory duty by attempting to devolve it upon another in the role of an independent contractor.

2. ———: ———: ———: **No Contractual Relations Between Company and Deceased.** Under the circumstances of this case where deceased was working with the knowledge and consent of the company and was in a situation where both the individual and the company sued owed duties to him and was killed by reason of a failure of both to observe those duties, plaintiff's recovery is not dependent upon tracing a relation of master and servant between deceased and the mining company.

3. ———: ———: **Assumption of Risk.** Where a case is founded upon the violation of a statutory duty owed by defendant to deceased, there is no room for the application of the doctrine of assumption of risk.

4. ———: ———: **Contributory Negligence.** Where the evidence is conflicting the question of contributory negligence is for the jury. And where there is any substantial evidence to sustain the jury's verdict it must be accepted.

5. **TRIAL PRACTICE: Jurisdiction: Venue of Suits Against Corporations.** Under Sec. 1754, R. S. Mo. 1909, a suit against a corporation must be brought in the county where the cause of action accrued or the company keeps an office or agent. But under Sec. 1751, if there are several defendants and they reside in different counties, suit may be brought in any one of them. As one of the defendants lived in Macon, and under the petition both were jointly and severally liable, suit was properly brought in said county. Jurisdiction having been once properly obtained as to both, it is not lost as to one because of the subsequent dismissal as to the other.

6. ———: ———: **Appearance: Consent.** Jurisdiction over the subject-matter cannot be conferred by consent, but jurisdiction over the parties can be. And. where defendant appeared, filed a motion for costs, obtained the court's action thereon and then obtained a continuance without questioning the jurisdiction, the same is waived.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Wilson & Wilson, Barlow & Barlow* and *J. C. Wilson* for appellant.

*Ed. S. Jones, Bresnehen & West* and *Geo. N. Davis* for respondent.

TRIMBLE, J.—On the 3rd of January, 1912, Thomas Gray, a coal miner working in the defendant's mine, was killed by a dust explosion. His widow brought this suit for damages under section 8471, Revised Statutes 1909.

The petition is in two counts. The first charged a negligent violation of section 8477, Revised Statutes 1909, in that shots (used in blasting coal from the solid) were fired before the employees had time to leave the mine, and that, as the mine had been allowed to become very dusty, one of these shots caused a dust explosion which killed the deceased; that it had been a practice to fire these shots before the miners were out; that this practice was well known to defendant and also known by it to be dangerous and in violation of law. The second count charged that the defendant had allowed its mine to become very dusty owing to its failure to keep said mines sprinkled, and thereby the galleries or passage ways leading from the place where deceased was working to the bottom of the shaft, and which he must traverse in going to and from his work, had become unsafe and dangerous from

liability to dust explosions caused by firing shots to dislodge the coal from the solid, and, although the dusty condition and the increased danger therefrom, where more than one shot at a time is fired, were fully known, yet six shots were negligently set off within a few minutes after quitting time and before deceased had time to get out of said mine to a place of safety, which shots stirred up the dust in said mine, and the fourth shot set fire thereto and caused an explosion which killed plaintiff's husband.

The suit was brought against the defendant, Grand River Coal & Coke Company, a corporation, and one John Kilholland who was alleged to be the defendant company's agent and vice principal and who fired, or superintended and ordered the firing of, the shots. But after the testimony was in, and before the case was submitted to the jury, plaintiff dismissed as to Kilholland. A verdict was returned in plaintiff's favor and defendant appealed.

The point is made that the trial court had no jurisdiction over the defendant coal company. It is a corporation doing business in Harrison county. Its mine is located there and the cause of action accrued in said county. Plaintiff and Kilholland both reside in Macon county. Suit was instituted in Macon county and service obtained on Kilholland, and then summons was issued to Harrison county and there served on the defendant coal company. Section 1754, Revised Statutes 1909, requires suits against corporations to be brought in the county where the cause of action accrued or where the company keeps an office or agent. No agent was kept or maintained in Macon county, and the cause of action accrued in Harrison county. Consequently defendant says the circuit court of Macon county obtained no jurisdiction over the defendant coal company and neither did the circuit court of Linn county to which the cause was taken on change of venue.

But the plaintiff resided in Macon county, and, of the two defendants, one of them, John Kilholland, lived in Macon county and the other, the Grand River Coal and Coke Company, was located in Harrison county. Under the facts pleaded in the petition, these two de-defendants were jointly and severally liable. Suit could, therefore, be instituted in either Macon or Harrison county. [Sec. 1751, R. S. Mo. 1909; Davison v. Hough, 165 Mo. 561, l. c. 573.] Jurisdiction being once thus properly obtained, it was not lost by the dismissal of Kilholland. [Rice v. January, 33 Mo. 409; Capital City Bank v. Knox, 47 Mo. 333.] The suit was brought returnable to the April term, 1912, of the Macon Circuit Court. At this term the defendant coal company filed a motion to compel plaintiff to give security for costs. This motion was overruled. Thereupon, the defendant coal company withdrew a demurrer it had filed and obtained a continuance of the case until the next term. No objection was made to the jurisdiction until the next term when that point was incorporated in the answer. In this instance the jurisdiction questioned is not jurisdiction over the subject-matter but jurisdiction over the parties. While the former kind of jurisdiction cannot be conferred by consent, the latter kind can be. By appearing to the action at the return term of the writ and filing a motion for costs and obtaining a continuance without objecting to the jurisdiction, defendant coal company waived the question as to jurisdiction over them. [Harrison v. Murphy, 106 Mo. App. 465, l. c. 470; Baisley v. Baisley, 113 Mo. 544.]

It is next contended that the defendant, John Kilholland, was not a servant of the defendant coal company, but an independent contractor, and hence the last named defendant's demurrer should have been sustained. It is claimed that Kilholland was an independent contractor with the defendant coal company to mine coal off the vein or solid as it lay in the earth in

the eastern portion of defendant's mine; that he was to load the coal at the point thus mined into the defendant's company's cars and the company would then transport it, by means of its equipment and the regular operation of the entire mine, to the bottom of the shaft and thence to the outside world; and that Kilholland was paid by the car thus loaded by him at the point where said coal was blasted from the vein.

The defendant coal company for a long time had been and was operating the mine which was a large one in which many men worked. All of its equipment was in use by it to remove the coal from the various places where it was taken out of the vein to the bottom of the shaft and from thence to the top. Under the arrangement with Kilholland he was to mine, and load in mine cars, all coal from four rooms and entries on the south and east side of the shaft, the company to remove the coal along with its other movements in the regular operation of the rest of the mine. Kilholland agreed to employ no union labor without the consent of the company and the company had the right to remove any of the men for cause at any time, and if Kilholland did not keep all the places in his rooms filled, the company could place men in them. The evidence shows that the control of the mine was at all times with the company. It hauled the coal; furnished air for all the mine; the men were hoisted and lowered by it; the brattices, or plank partitions put in to direct the air currents were built by the company; there was no dividing line between one side of the mine and the other; the practical effect of it all was that the entire mine was being mined and operated as one mine by the defendant coal company; the work was a dangerous work; and the things alleged to have caused the injury were matters enjoined by statute upon the owner and operator of the mine. Under all these circumstances we do not think Kilholland could be said to occupy the status of an independent contractor to-

ward the coal company, at least not so far as regards deceased and the duties owed to him by both Kilholland and the coal company. The situation was such that no matter what relation Kilholland and the coal company sustained to each other as between themselves, as to Gray, they both owed him certain duties, a failure to perform which would render them liable to him, or in case of his death, to his widow, by virtue of the statute. The petition is not framed with reference to a negligent act committed by Kilholland alone and unconnected with any act or duty of the coal company. It is bottomed upon the peculiar situation created by the circumstances in which, with the knowledge and consent of both defendants, the deceased, Thomas Gray, was put in a place of great danger and injured by the failure of both defendants to observe certain duties incumbent upon them. In such case, plaintiff's complaint for damages cannot be disposed of on the theory that Kilholland was an independent contractor. [Rice v. Smith, 171 Mo. 331.] Her right to recover does not depend upon the tracing of a contractual relation from the deceased to the company but upon the duty owed him by both Kilholland and the company. [Ryan v. St. Louis Transit Co., 190 Mo. 621, l. c. 633, 634; Leslie v. Rich Hill Coal Mining Co., 110 Mo. 31, l. c. 40.] The coal company never parted with its proprietorship or occupancy of the mine nor with the control of its operation. It could not, therefore, relieve itself of any primary duty, or of any duty devolving upon it by statute, by means of any principle applicable to the law relating to independent contractors. The trial court did not err, therefore, in telling the jury that the fact that John Kilholland may have been an independent contractor constituted no defense.

As the case is founded upon the violation of a statutory duty there is no room for application of the doctrine of assumption of risk. To allow this would

be to nullify or repeal the statute by judicial legislation.

The only question remaining is, was Gray guilty of contributory negligence? This was a question for the jury. It was submitted to them. They found he was not guilty of negligence. Unless it was conclusively shown that the explosion was caused by Gray's negligence, or that he was injured by reason of his negligent delay in leaving the mine, we are bound by the finding of the jury on the question. The evidence has been carefully read and studied. There was abundant evidence to sustain the jury's finding. The verdict must be accepted. Judgment affirmed. All concur.