Lena Sanders, Appellant, v. Mary Marks and William Marks, Defendants, and Herman Kimmell, Respondent.—60 S. W. (2d) 692.

St. Louis Court of Appeals.   Opinion filed May 31, 1933.

Simon Fisher and Robert L. Aronson for appellant.

*Cobbs & Logan* for respondent.

McCULLEN, J.—This is an appeal from an order of the Circuit Court of St. Louis County, sustaining the plea in abatement of defendant Herman Kimmell (respondent), and dismissing the cause as to said defendant.

Lena Sanders, plaintiff below (appellant here) filed a petition in the Circuit Court of St. Louis County, on April 16, 1931, naming her daughter, Mary Marks; her son-in-law, William Marks, and the respondent, Herman Kimmell, as defendants. The petition alleged that defendants Mary Marks and William Marks, were residents of St. Louis County, Missouri, and that the defendant Herman Kimmell was a resident of Franklin County, Missouri.

Plaintiff alleged that she was a passenger in an automobile while it was being driven by defendant Mary Marks as the agent and servant of William Marks; that defendant Herman Kimmell, while driving his automobile westwardly on Page Boulevard, in the City of St. Louis, suddenly brought the same to an abrupt stop near the intersection of Page Boulevard and Newstead Avenue, thereby causing the automobile of the defendants Marks, which was being driven westwardly on Page Boulevard immediately to the rear of defendant Kimmell's automobile, to collide therewith.

The grounds of negligence charged against defendants Mary Marks and William Marks, which, it was alleged, contributed and concurred in causing the collision and plaintiff's injuries, were: (1) Excessive speed; (2) failure to keep a careful lookout for other vehicles on the highway; (3) negligently operating their automobile in too close proximity to the automobile of the defendant Kimmell; and (4) violation of the humanitarian rule.

The grounds of negligence charged against defendant Herman Kimmell, which, it was alleged, contributed and concurred in causing the collision and plaintiff's injuries, were: Excessive speed; failure to give a signal or warning to indicate that he was bringing his automobile to a stop, and negligently bringing his automobile to a sudden stop when he knew, or, by the exercise of the highest degree of care should have known that a collision was likely to result from such sudden stopping.

Writs of summons were issued for the two St. Louis County defendants, and a summons was also issued and delivered to the Sheriff

of Franklin County, Missouri, for the defendant Kimmell. On May 4, 1931, the defendants Mary Marks and William Marks, by their counsel, filed separate answers, each answer being a general denial. On May 6, 1931, the defendant Herman Kimmell filed a plea in abatement, appearing solely for that purpose, in which plea the court was asked to dismiss plaintiff's petition as to said defendant Herman Kimmell, for the reason that the court had no jurisdiction over him. The grounds of this motion, or plea were stated as follows:

"This defendant states that the defendants Mary Marks and William Marks are joined as codefendants with this defendant for the sole purpose of attempting to confer upon this court jurisdiction over the defendant Herman Kimmell.

"This defendant states that Mary Marks is the daughter of Lena Sanders, the plaintiff; that William Marks is the son-in-law of Lena Sanders, the plaintiff; that this cause of action is not prosecuted by the plaintiff against her daughter and son-in-law in good faith, and said cause of action is purely colorable and is brought for the sole purpose of conferring a false and fraudulent jurisdiction on this court.

"This defendant further states that the plaintiff has heretofore testified in depositions taken by this defendant, when this defendant discovered for the first time that the plaintiff does not believe any of the alleged grounds of negligence alleged in her petition against the said Mary Marks and William Marks; that all of the alleged grounds of negligence in said petition are negatived by the said Lena Sanders, plaintiff.

"Defendant further states that said Lena Sanders neither expects nor hopes nor anticipates obtaining a judgment against her daughter and son-in-law in this cause, and that action as to them is not in good faith, as above stated."

On May 7, 1931, defendant Herman Kimmell filed the depositions of plaintiff, and of defendant Mary Marks. The depositions showed they were taken on May 2, 1931, on the part of defendant Herman Kimmell.

The record shows that on the 23rd of May, 1931, defendant Herman Kimmell's plea in abatement was argued before the court, the depositions theretofore filed were offered in support thereof, and the plea was taken as submitted by the court. On October 19, 1931, the court sustained the plea in abatement and the cause was ordered dismissed as to defendant Herman Kimmell.

Appellant complains that the court's action in sustaining defendant Kimmell's plea in abatement was erroneous. Several reasons are assigned for this contention.

We are of the opinion that there is no substantial evidence in the record to support the action of the court in sustaining the plea in abatement. It is, therefore, unnecessary to pass upon the other ques-

tions presented by appellant. We will confine our discussion to the evidence which was presented to support the charges in the plea.

The court based its action on the testimony of plaintiff and of defendant Mary Marks, as shown in the depositions taken on behalf of defendant Kimmell.

It is admitted that plaintiff is the mother of defendant Mary Marks, and mother-in-law of defendant William Marks, and that William Marks and Mary Marks are husband and wife.

Plaintiff gave her testimony in the deposition through an interpreter. She testified that she was a passenger in an automobile owned by defendant William Marks, which was being driven westwardly on Page Boulevard by defendant Mary Marks. As the automobile in which plaintiff was riding approached Newstead Avenue, plaintiff could not see the speedometer on her daughter's automobile. She said the daughter was "not driving fast;" "not going at a very high speed. When asked how close was her daughter's automobile to defendant Kimmell's automobile, which was proceeding westwardly in Page Boulevard ahead of the automobile in which plaintiff was riding, plaintiff answered:

"I was so nervous I didn't pay any attention to it. I saw that coming; the machine was so close in front of me that I got so frightened something was in my throat and I couldn't say a word."

She was asked how long defendant Kimmell's automobile had been driving ahead of her. She answered that she did not know; that the cars were "very close." Asked when it was she first saw defendant Kimmell's automobile, she said, "I didn't pay any attention to it; all I know was when Mary was on the car." She testified that her daughter had been driving along behind defendant Kimmell's automobile, "Maybe two or three block, I don't know." When asked if there was room for her daughter to turn to the left and avoid striking defendant Kimmell's automobile, plaintiff answered: "No, he stopped so suddenly she didn't have time to turn either way;" that when defendant Kimmell's automobile stopped, it was "a little past the corner" at the intersection; that her daughter didn't see the man hold out his hand, but saw the "Go" sign and "she just went on ahead, and all of a sudden she bumped into the man, and I fell forward and hurt my ear and back and everything."

Defendant Mary Marks, daughter of plaintiff, testified in her deposition that she first noticed the man driving along ahead of her at 4300 Page Boulevard, and that he was ahead of her for approximately a block, and was going at the same speed she was going; that she was driving twenty-five miles an hour and was "right in back of the man;" that she had not been driving at that rate very long when the sign at the corner of Newstead Avenue and Page Boulevard said "Go;" that when it said "Go" she kept following the man. She said she could see the stop light right along because it said

"Go;" that she was in the middle of the block when she first saw it; that it said "Change" when "the man put his brakes on right past the corner" and "then he put his brakes on and I didn't have no control of my car. I couldn't see the stoplight when it said 'Change' because I was in back of this man. I first saw it and it said 'Change' when the man put his brakes on without giving me any notice he was making a stop. I was in back of the man; I didn't see the change when he put on his brakes. I didn't see the stoplight until this man stopped his car." She further testified that she didn't see the traffic light until the man made the sudden stop, then she saw it and it said "Stop," "all of a sudden;" that when she first saw the sign "Go" she was right in back of defendant Kimmell's automobile, about four or five feet, and about five or six feet from Newstead Avenue; that she wasn't looking at the traffic light, she was looking at the man's car; that she couldn't see the traffic light because defendant Kimmell's automobile obstructed her view; that defendant Kimmell did not put out his hand to give a signal that he was going to stop, "all he did was stop." She repeated: "I didn't have no control over my car; I ran right into him." She further testified that all the time she was driving from 4300 to 4400 on Page Boulevard, she was "quite close" to defendant Kimmell's automobile. She judged, "about five feet right along."

There is some confusion and contradiction as to details in the testimony of defendant Mary Marks, as shown by some of the excerpts which we have set out above. An example of the difficulties of the examination appear in the following:

"Q. Were you looking at the traffic light at all? A. I was looking at the traffic light. I wasn't looking at the man. I was looking at the man's car. I wasn't looking at the traffic light."

Notwithstanding the contraction and confusion with respect to some details, the testimony is not contradictory as to the main facts showing how the accident occurred. When we take the two depositions as a whole, we find that there is substantial testimony as to the material, ultimate facts which go to show that there was an accident at or near the intersection of Page Boulevard and Newstead Avenue; that defendant Herman Kimmell was driving his automobile westwardly on Page Boulevard at a rate of speed of about twenty-five miles per hour, and that after he had "passed the corner" he suddenly put on his brakes and stopped his automobile without giving any warning signal. It further appears that defendant Mary Marks drove her automobile, in which her mother was a passenger, westwardly on Page Boulevard immediately behind defendant Kimmell's automobile, at about twenty-five miles per hour. It further appears that defendant Mary Marks knew there was a traffic light at the corner of Page Boulevard and Newstead Avenue, but, nevertheless, drove her automobile at about twenty-five miles per hour,

immediately behind defendant Kimmell's automobile, for a distance of a whole block, with only about five feet separating her automobile from the rear end of defendant Kimmell's automobile, and when defendant Kimmell stopped suddenly without warning, she "lost control" over her automobile and "ran right into him."

If such testimony had been adduced in a trial of the cause on its merits, and had been challenged by a demurrer to the evidence by defendant Mary Marks, the demurrer would undoubtedly have been overruled, because there was clearly a sufficient showing to warrant the court in submitting to the jury the question of her negligence in driving her automobile in too close proximity to defendant Kimmell's automobile.

Section 703, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 703), provides:

"Every person who shall have a cause of action against several persons, . . . and who shall be entitled by law to one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper; . . ."

It is well established that the foregoing statute applies to actions in tort. [Nokol Company v. Becker, 318 Mo. 292, 300 S. W. 1108; Mitchell v. Brown (Mo. App.), 190 S. W. 354.]

Our Supreme Court has said:

"No principle of law has a deeper foundation or is more firmly established in this State than that every tort-feasor whose wrongful act concurs in inflicting the injury is liable for the resulting damage." [Shafir v. Sieben (Mo.), 233 S. W. 419, 424.]

Under the facts in evidence, the statute, and the decisions of our courts, plaintiff was unquestionably within her rights in joining defendant Kimmell with the other defendants in the cause.

Section 720, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 720), provides that:

"Suits instituted by summons shall, except as otherwise provided by law, be brought . . . ; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county. . . ."

Under this statute plaintiff was clearly authorized to bring her suit either in St. Louis County, or, Franklin County, in view of the residence of defendant Kimmell in Franklin County, and the residence of Mary and William Marks in St. Louis County. [January v. Rice, 33 Mo. 409; Chorn v. Zollinger, 143 Mo. App. 191, 128 S. W. 312.] The fact that plaintiff brought her suit in St. Louis County, where two of the three defendants reside, and where it would be more convenient for her to attend than it would be had she brought the suit in Franklin County, does not, in our opinion, constitute any evidence of bad faith, or of a fraudulent purpose to confer a false jurisdiction on the St. Louis County Circuit Court.

It is clear, under Section 720, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 720), above quoted, that plaintiff had the right to bring the suit in St. Louis County.

The fact that plaintiff is the mother of one of the defendants, and the mother-in-law of another, does not affect her right to bring her suit in St. Louis County under the facts and the law in this case. Nor does plaintiff's relationship to those two defendants support the charge in the plea in abatement that she brought her suit against her daughter and son-in-law for the sole purpose of conferring a false and fraudulent jurisdiction on the court, in view of the evidence showing that there actually was an accident in which those defendants were involved, and that through their counsel they have come into court, have filed general denials, and are resisting plaintiff's claim against them.

In Chorn v. Zollinger, 143 Mo. App. 191, 128 S. W. 312, one of the defendants contended that the circuit court acquired no jurisdiction over his person since he did not reside in the county where the trial was had, was not served with summons in that county, and was joined with an insolvent estate merely for the purpose of subjecting him to the jurisdiction of that court. Answering this contention, the court said:

"The statute provides that 'where there are several defendants and they reside in different counties, the suit may be brought in any such county.' The obligation created by the contract was joint and the liability of the obligors was joint and several and, since they resided in different counties, the statute authorized plaintiff to bring his suit in the county where either defendant resided, *and the good faith of the plaintiff cannot be impugned on the ground that the resident defendant was insolvent.* A creditor is as much entitled to judgment against an insolvent debtor as against a solvent debtor." (Emphasis ours.)

While the above Chorn case involved contract liability, the statute applies with equal force to cases involving tort liability. [Gray v. Grand River Coal & Coke Co., 175 Mo. App. 421, 162 S. W. 277.]

We are of the opinion that the good faith of plaintiff herein, under the facts disclosed in this record, cannot be impugned on the ground of her relationship to two of the defendants. Under the law in this State she has the same right to bring her suit against her daughter and son-in-law as she would have against persons not so related to her.

For error in sustaining the plea in abatement the judgment is reversed and the cause remanded. *Becker, P. J.,* and *Kane, J.,* concur.