### G. A. JONES AND OTHERS v. J. P. RITTER AND OTHERS.

1—Plaintiffs sued two successive indorsers of a promissory note, and, by way of excuse for not having duly sued the maker, alleged that since executing the note she had died insolvent. Defendants demurred, assigning want of the statutory diligence requisite to charge them, apparent on the petition. *Held,* that the demurrer should have been sustained; the averment in the petition was insufficient—it should have alleged the maker's insolvency at the maturity of the note. (Fisher v. Phelps, 21 Texas, 555, cited by the court.) And *held further* (overruling Rhine v. Hart, 27 Texas, 94), that the action was well brought against the several and successive indorsers; that Art. 223, Paschal's Digest, supposed to inhibit such joint action, has no application to promissory notes—the word "sections" therein being a misreading for "section," and having reference to Article 222 alone, which only affects non-negotiable instruments.

2—The first indorsement on the note was not that of the payee, but of another person, who averred and proved that he put it on the note some three months after the note was delivered to the payee, and that there was no consideration passed to him. *Held,* he was not a maker nor indorser, but a guarantor, and his guarantee was void for want of consideration.

3—Suit in April, 1867, against indorsers in blank of a note due in 1861, without averments or proof showing when the indorsements were made, or why suit was not brought to the first or second terms of court after maturity of the note. *Held,* that judgment for plaintiffs must be reversed and the cause be dismissed.

ERROR from Galveston.  Tried below before the Hon. James E. Shepard.

The opinion of the court discloses the material facts of the case.

With reference to the construction placed by this case on

Art. 223, Paschal's Digest, overruling Rhine v. Hart, 27 Texas, 94, it may be remarked that there is another case, Brooks v. Breeding, in this volume to the same effect.

In the present case the plaintiffs alleged in their petition that the defendant, Jones, was jointly indebted with Miss Baker to Darling & Merriman, to the amount for which the latter executed the note sued on; and on this averment and proof that Jones was Miss Baker's agent at the time, it was insisted that Jones was liable as a maker, or, if a surety only, that the consideration was sufficient to support his collateral liability. But there was no proof of such a joint indebtedness.

*Hill & Hill*, for plaintiffs in error.—This suit is founded on the following note and indorsements :

"HOUSTON, January 1, 1861.

"$424 68. Six months after date I promise to pay to the order of Darling & Merriman, four hundred and twenty-four dollars $\frac{68}{100}$, with interest from date, at 10 per cent. per annum, value received.

"ELIZA L. BAKER."

Endorsed—"G. A. Jones," "Darling & Merriman."

The note was due 1st and 4th July, 1861, but suit was not brought until April 30, 1867.

By the allegations of the petition the plaintiffs in error, (defendants below,) were sued as *indorsers*, and no excuse is stated for not suing them to the first term of the court after maturity of the note.

It is averred that the maker died in July, (1864,) and that she was insolvent *when she died*, but there is no averment of death, insolvency or non-residence at the maturity of the note, or at the Fall term of the District Court, 1861. The court will, ex-officio, take notice whether suit is brought to first term. (2 Texas, 473 ; 16 Texas, 596.)

The demurrer properly raised the only question in the case : whether, upon the allegations in the petition the plaintiffs (defendants in error) were entitled to judgment against the

*indorsers of the note.* Insolvency must be alleged to exist at the time when suit should have been brought. (21 Tex., 555.)

And clearly the plaintiffs in error were not liable to judgment. They were sued *as* indorsers; were not sued to the first term after maturity, and no excuse is shown for the failure *then* to sue.

The demurrer ought to have been sustained, and because of the error in overruling it, we submit that the court will not look any further into the case, but reverse the judgment and dismiss the case. A demurrer ought to be sustained to a petition against the drawer, which showed that the suit was brought subsequently to the first term. (22 Tex., 312.) We refer to Smith v. Herbert as decisive of this point.

But if the court deems it proper to look any further into the case, then it will see that the plaintiff in error, Jones, is not liable to the judgment, on the ground that he indorsed the note near four months after its date, and without any consideration therefor.

In Parsons on Mercantile Law, p. 66, the whole law applicable to this point is summed in the following words: "Unless the guaranty is by a sealed instrument, there must be a consideration to support it. If the original debt or obligation rests upon a good consideration, this will support the promise of guaranty, if this promise be simultaneous with or prior to the original debt. But if the debt or obligation be first incurred or completed, there must be a new consideration for the promise to guarantee the debt."

Here it appears affirmatively that Jones' indorsement was made long subsequently to the date of the note. No consideration appears to support it, and he plead *in limine,* his grounds of discharge.

It is clear, however, that by the character of Jones' indorsement, he intended to become not an original promisor, but an indorser, and entitled to the privileges and protection of the law as such.

It is very certain that, if the case of Smith v. Herbert, (30

Tex., 668) had been decided before this case was tried in the court below, the plaintiffs in error would have been discharged. The plaintiffs below sought to take the case out of the statute which releases indorsers, by alleging, as before stated, insolvency of the maker at the time of her death in 1864—an *irrelevant allegation;* but if relevant, it is enough to say that not one word of proof was offered to sustain it.

We further submit, that the suit being against both an immediate and remote indorser, the general demurrer should have been sustained.

See conclusively upon this point, Rhine v. Hart, 27 Tex., 94.

*Philip C. Tucker,* for the defendants in error.—The statement of facts shows that Eliza L. Baker died three years before suit brought, utterly insolvent, and that administration had never been taken out upon her estate. This fact brings the case precisely within the exception named in the statutes. (§ 4 of the act of May 13th, 1846; see Paschal's Dig., Art. 1426.) Also, within the ruling of this court, in Scott v. Dewees, 2 Tex. R., 153, and in Grayson v. Taylor, 14 Tex. R., 672.

The defendant, G. A. Jones, was properly sued as a maker of a note sued on. The record shows he was the general agent and attorney of Miss Baker; that the note was signed by Miss Baker, payable to Darling & Merriman, purported to have been executed 1st January, 1861, and that he wrote his name on the back thereof, 25th April, 1861. No question of his ignorance as to the effect of what he did can arise in his favor; being Miss Baker's general agent and attorney, he must have known all about the transaction, and been privy to the consideration, and signed the note intending to become responsible for its payment as maker. There is no evidence in the case that Jones intended to stand in any other position than that which the law presumes he intended to assume when he wrote his name in blank on the back of a note of which he was not payee; and this is to be presumed even had he made a statement when he signed it, as did one of the defendants, Bird, in

Moies v. Bird, 11 Mass., 436, who signed in a like manner a note some days after its execution by the original maker, "that he did it only to make B (plaintiff) easy, but would not be accountable for a farthing upon the note." This is, also, within the spirit of the case of Cook v. Southwick, 9 Tex. R., 615; although in that case the presumption was that the note was so signed on the day it was executed, but in Moies v. Bird, before referred to, the question of time does not seem to have been treated as material.

This note was payable to order of Darling & Merriman. With what object could the agent and attorney of Miss Baker have written his name on the back thereof, (as he says, some-time afterwards,) except to give credit to said note as a maker, or, at least, as surety; and probably to make it good in the market, for we find that about that time it was transferred to plaintiffs below.

The suit was properly brought against Jones as a maker of the note, and as such he was not entitled to notice or suit at first term to fix his liability. (Allen v. Rightmere, 20 Johnson, 365.)

WALKER, J.—We are of opinion that the court erred in overruling the demurrers in this case.

The plaintiffs in error were the defendants below.

Suit was brought on a promissory note made by Eliza L. Baker for the sum of $424 68, payable to the order of Darling & Merriman, and dated January 1st, A. D. 1861, due six months from date, with ten per cent. interest per annum.

The petition was filed and suit commenced April 30th, 1867. No averment is made in the petition of the insolvency, death or non-residence of the principal at the maturity of the note. The statement of facts shows that she was living until late in the year 1864, and the defendant, G. A. Jones, avers in his answer that she was solvent up to the time of her death. The presumption is, she continued so. It is, however, averred in

the petition that she was insolvent at the time suit was brought in 1867. The facts are very meagre on this point.

The averment is not sufficient to entitle the plaintiffs to recover; it should allege insolvency at the maturity of the paper. (See Fisher v. Phelps, Dodge & Co., 21 Texas R., 555.)

The petition does not aver the time of the indorsements. (See Hutchins v. Flintage & Ralston, 2 Texas R., 473.)

By the statement of facts, and by the answer of Jones, it appears that he indorsed the note some three months after the execution and delivery to Darling & Merriman. No consideration for his subsequent signing or indorsing the note is averred or proven. We must treat him as a guarantor; he can not be treated as a maker, and without a consideration moving to him, his guarantee would be void. (Parsons' Mercantile Law, p. 66.)

If the principal debtor be solvent when the note falls due, and the proper steps be not taken to collect the debt, and the principal afterward becomes insolvent, the guarantor would be discharged at common law. (See Bashford v. Shaw, 4 Ohio R., 263.)

It is said this suit is brought against "an immediate and a remote indorser," and can not, therefore, be maintained against the authority of Rhine v. Hart, 27 Texas R., 94.

By a note found in the margin of Paschal's Digest, credited to Hartley, p. 146, we are led to conclude that this case should not stand as the law. His honor, Justice Moore, who delivered the opinion in the case, says: "It has been a matter of settled practice with us since the first organization of our judicial system, that a joint action *can* be maintained against the maker and indorser of a bill of exchange or promissory note. In the present case it is sought to extend this practice so as to include the immediate and remote indorser in the action against the maker. There does not appear to be any very good reason or principle why it should not be done. It seems, however, to be directly inhibited by the statute. The last clause of Art. 89, O. & W. Digest, reads," etc.

By reference to the note it will be seen that the word "sections" in Art. 223, Paschal's Digest, should read "section," and the preceding section does not include the instrument here sued on.   The case at bar does not require the authority of the case of Rhine v. Hart to bring us to the conclusion that the judgment below is erroneous.   Nothing appears in the record giving any satisfactory reason for the suit not being brought at the first term of the court after the maturity of the paper, nor was the suit brought at the second term and a showing made for not bringing it at the first.   The judgment of the court below is reversed and the cause dismissed.

Reversed and dismissed.