CLEMENT E. WARD *vs.* JAMES H. BARROWS.

Oxford.    Opinion December 23, 1893.

*Promissory Notes.   Due-Bill.   Consideration.   Payment.*

The defendant gave the plaintiff the following writing, as a minute of the amount of wages due the plaintiff from a company of which the defendant was president : "June 24, 1892. Amount due C. E. Ward to date $28.26.   J. H. Barrows."   *Held;* that the writing is not a valid due-bill of the defend-. ant, inasmuch as there was no legal consideration for such a promise by the defendant, the plaintiff neither assigning nor acquitting his claim for wages. nor taking the paper as a payment thereof.

ON EXCEPTIONS.

The case appears in the opinion.

*R. A. Frye*, for plaintiff.

Evidence not admissible to show that defendant signed due-bill. as agent, or did not intend to bind himself or change his liability.   1 Greenl. Ev. § 275 ; *Sturdivant* v. *Hull*, 59 Maine, 172 ; *McClure* v. *Livermore*, 78 Maine, 390 ; Bigelow on Bills,. p. 46 ; *Bartlett* v. *Hawley*, 120 Mass. 92 ; *Tucker Mf'g Co.* v. *Fairbanks*, 98 Mass. 101 ; *Mellen* v. *Moore*, 68 Maine, 390 ; *Towne* v. *Rice*, 122 Mass. 67 ; *Davis* v. *England*, 141 Mass. p. 590.

Counsel also cited : *Hussey* v. *Winslow*, 59 Maine, 170 ; *Carver* v. *Hayes*, 47 Maine, 257 ; *Fogg* v. *Virgin*, 19 Maine, 352 ; *Chick* v. *Trevett*, 20 Maine, 462 ; *Seymour* v. *Prescott*, 69 Maine, 376.

*Herrick and Park*, for defendant.

Want of consideration may be shown.   *Smith* v. *Rowley*, 34 N. Y. 367 ; *Slade* v. *Halstead*, 7 Cowen, 322 ; *Bank* v. *Topping*, 9 Wend. 273.

The form and wording of the writing relied upon in this case are so unusual and so far different from those usually employed to express a promise, the court is authorized to inquire into the circumstances attending its origin. There is no expressed promise. The word "due" standing alone might imply one. But when preceded by the word "amount," its force is materially modified, and renders it reasonable to construe the writing as a memorandum of the amount due and subject to explanation as to the person from whom it is due. *DeLavellette* v. *Wendt*, 75 N. Y. 579.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

PETERS, C. J. The plaintiff, having completed his work in the employment of the Bethel Chair Company, went to the office of the president of the company where the amount due him for his wages was computed, and the president, who is the defendant in this action, gave him a voucher to take to the treasurer of the company for payment of the sum due him. The voucher reads as follows :

"June 24, 1892.

"Amount due C. E. Ward to date 28.26.

J. H. Barrows."

The plaintiff took the voucher to the treasurer and was put off without payment for want of funds in the treasurer's hands. He now claims that the paper delivered to him is a due-bill binding the president personally, and that it is not admissible to vary its terms or prove that it was not intended as a promissory instrument by oral testimony, Admitting these positions taken in behalf of the plaintiff to be correct, we think it is open to the defendant to rely on the defense, outside of such positions, that there was no consideration for the note moving from the plaintiff to himself. The structure may be perfect enough in itself, but it must have some foundation to stand upon. In the cases cited in behalf of the plaintiff's contention, where certain curious and irregular instruments have been upheld by the courts as, in

effect, notes of hand or due-bills, there appears to have been some legal consideration for the promise, though of slight importance in some instances.

We cannot, however, find in the present case evidence of any consideration for the defendant's promise, if a promise he made. There was no sale or surrender of any claim for wages, nor any promise to release or acquit the same. The plaintiff made no promise to the defendant and did no act for his benefit or at his request. He did not accept the voucher as a payment, and his claim against the company stands good to this day. There is no kind of legal consideration to support the pretended liability of the defendant.

*Exceptions overruled.*