ARTHUR B. BERKSHIRE, Respondent, v. SAMUEL W. HOVER, Guardian, Appellant.

Kansas City Court of Appeals, March 5, 1900.

**Guardian and Curator:** FINAL SETTLEMENT: ASSENT OF WARD. Where on a settlement the probate court does not make an examination of the curatorship for itself but accepts the acquiescence of the ward in the account as sufficient, there is not sufficient compliance with the statute to make the settlement final, especially where there is no notice of the settlement given nor an account or exhibit filed in the court at least four weeks before the settlement was to be made.

Appeal from the Cass Circuit Court.—*Hon. W. W. Wood*, Judge.

AFFIRMED.

*D. C. Barnett* and *Allen Glenn* for appellant.

(1) The probate court had jurisdiction to do what it did, its judgment was conclusive, and not appealed from. Section 5329, R. S. 1889; 9 Am. and Eng. Ency. of Pldg. & Prac., 958, 959, note 3; Woerner's Guardianship, pp. 328, 361; Coleman v. Farrar, 112 Mo. 71, 72; Judge v. Irish, 31 Me. 254; Robert v. Shultz, 45 Texas 184. Observe the present statutes is quite different from that of 1865, under which Mead v. Bakewell, 8 Mo. App. 549, and Thornton v. Hoster, 61 Mo. 544 were rendered. (2) Plaintiff by his conduct by asking for, consenting to and acquiescing in what was done, is estopped from now complaining. Hospes v. Branch, 134 Mo. 605, 606; Noah v. Ins. Co., 69 Mo. App. 322. (3) The judgment of the probate court approving this final settlement is conclusive until reversed on appeal (and was not appealed from) or set aside in an equitable pro-

ceeding for fraud or mistake. Woerner's Guardianship, secs. 98, 327; 2 Woerner's Am. Law of Adm. [2 Ed.], secs. 507, 508, p. 1130; 2 Black on Judgment, sec. 634; Brent v. Grace, 30 Mo. 253; Tourville v. Roland, 23 Mo. 95; Nelson v. Barnett, 123 Mo. 570; Smith v. Leslie, 83 Mo. 61; Patterson v. Booth, 103 Mo. 417; Pountain v. Gray, 106 Mo. 533.

*Geo. Bird* for respondent.

(1) Because said guardian, for the purpose of making his final settlement, did not "make a just and true exhibit of the accounts," etc., as provided by section 5329 of the Revised Statutes of 1889, the court had no jurisdiction to make a final settlement. Said section is imperative. Mead v. Bakewell, 8 Mo. App. 549; State ex rel. v. Hoster, 61 Mo. 544. (2) It was not a final settlement because the probate court did not, in making such settlement, "proceed to examine the accounts of such guardian  *  *  *  and make a final settlement with such guardian," as required by section 5329, *supra*. (3) It was not a final settlement, because the case was last docketed on November 11, 1895, and the settlement was not filed until September 14, 1897, nearly two years after. R. S. 1889, sec. 5320. Said ward had no opportunity to be present or to be heard at the settlement.

ELLISON, J.—Defendant, on September 11, 1893, was duly appointed guardian of the person and curator of the estate of plaintiff, who was then a minor.

Afterwards, in 1895, plaintiff became of age; and afterwards on May 25, 1898, he filed his application in the probate court to require defendant to make final settlement of the estate and to pay over to him what might be found due. On trial in the probate court, the finding was for defendant and plaintiff appealed to the circuit court, where defendant con-

tended that he had made final settlement, and had paid to plaintiff the sum found due him on such settlement long before the present proceeding was begun. Plaintiff took issue with this contention and the circuit court found for plaintiff and held there had been no final settlement. Defendant thereupon appealed to this court.

The settlement which defendant claims to be a final settlement was made in the fall of 1895—it is difficult to state from the records the exact date. But at whatever particular day, we are of the opinion that it was not a final settlement under the provisions of the statute (R. S. 1889, sec. 5329). It is true, as contended by defendant, that the probate court had jurisdiction of the settlement of guardians and curators, and that the same intendments are taken in favor of their proceedings as are in cases of courts of general jurisdiction. But the difficulty with defendant's defense is, that the record of the probate court shows, affirmatively, that there was never a final settlement. In fact, it clearly appears that instead of defendant making settlement with the probate court, he simply made a settlement with plaintiff, his ward, and the probate court was content with the settlement, merely for the reason that the ward stated that he was. In other words, the probate court did not make an examination of the matter of the curatorship for itself, but accepted the acquiescence of the ward in the account as sufficient in that respect. The whole record shows this. The order approving the settlement does not disclose that it was founded on anything else save the explanation which had been made to the ward by the defendant guardian, and the ward's consent to its approval.

Even if the statute permitted a settlement with the ward alone, yet it is held: "The settlement by a guardian with his ward *in pais*, without the aid or intervention of a court of probate, soon after the ward comes of age, is to be regarded with the strictest scrutiny." Wade v. Lobdell, 4 Cush. 512.

In this case no notice of the settlement was given to the ward, though he appeared in court. Neither was there an account or exhibit filed in court at least four weeks before the settlement was to be made, as required by the statutes (R. S. 1889, sec. 5329), aforesaid.

But under the view we have taken, it is not necessary to pass on the question whether a newly emancipated ward can waive those provisions.

We are cited by plaintiff to the cases of Mead v. Bakewell, 8 Mo. App. 549, and State ex rel. v. Hoster, 61 Mo. 544. It is true, as stated by defendant, that the statute has been materially changed since those cases arose; yet, we think the spirit of them tend strongly to the support of his case generally.

The judgment will be affirmed. All concur.