Berkshire v. Hoover.

---

ARTHUR BERKSHIRE, Appellant, v. SAMUEL HOOVER, Respondent.

Kansas City Court of Appeals, February 10, 1902.

1. Guardian and Curator: SETTLEMENT: NOTE: PAYMENT. A note given for a debt is not payment unless it was given and accepted with such intention; and so where on a settlement between a curator and his ward, the curator gave his note for the agreed balance such note will not discharge the balance.

2. ————: CONVERSION OF FUNDS: ATTORNEY'S FEE: SURETIES. Where a curator has converted his ward's estate he is not entitled to counsel fees for assistance in making settlements thereafter, especially where such fee is an effort to wipe out the balance in favor of his ward and so shield his sureties.

3. Appellate Practice: DEFECTIVE ABSTRACT: CURED. Though appellant's abstract be insufficient yet if the respondent's supplied the deficiency, the appellant is only chargeable with the cost of curing the defect.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

REVERSED AND REMANDED.

*J. R. Nicholson* and *Geo. Bird* for appellant.

(1)    The court should have given the declarations of law asked by plaintiff.    (2)    After misusing his office to carry to his pockets the money of his late ward—money that he could not have otherwise obtained than as guardian—he should not be heard to say:   "It is true I wrongfully, *colore officii* obtained the money, but will account for it only in my individual character."   Bombeck v. Bombeck, 18 Mo. App. 34.

*Barnett & Burney* and *Givan & Glenn* for respondent.

(1)    Respondent has a right to rely on his judgment obtained in the trial court.   It is the duty of appellant, not respondent, to produce proper abstract of the record and evidence of the trial court in the appellate court.   Brand v. Cannon, 118 Mo. 596; Doherty v. Noble, 138 Mo. 32-3; Costello v. Fesler, 80 Mo. App. 109-110; State ex rel. v. Reynolds, 82 Mo. App. 153; Western S. & W. Co. v. Glasner, 150 Mo. 426; Rules 11 and 15 of this court; R. S. 1899, secs. 863, 864, 865; R. S. 1899, sec. 813.

BROADDUS, J.—On June 16, 1900, defendant Hoover, curator, filed in the probate court his exhibits for a final settlement of the estate of the plaintiff.   At the August term of said court, the plaintiff objected to the proposed settlement and had the case certified to the circuit court of the county on the grounds that the judge of the probate court was a material witness in the case.   The case was duly tried in the circuit court, where said proposed settlement was sustained, from which judgment sustaining said settlement the plaintiff has appealed.

The plaintiff only attacks two items of credit set forth in said settlement, to-wit:   "By amount paid attorney this settlement, $100.   By amount paid ward, Nov. 22, '95, settlement, $500."   The objection to the first item is that the

curator had mismanaged the estate of his ward and was therefore not entitled to attorney's fees. The objection to the second item is that the curator had not paid the amount stated in said item in money, but in his own promissory note which was of no value as he was insolvent, and that it was not a payment to the ward.

The facts show that the plaintiff, the defendant's ward, became of age on June 1, 1895. In December, 1895, the plaintiff and defendant had a settlement at which time the note in question was given and a receipt taken. This settlement was repudiated by the plaintiff and it was held void by the circuit court, which holding was sustained by this court. Berkshire v. Hoover, 83 Mo. App. 435. At the time of the settlement now in question, it was admitted that the defendant was insolvent, but the trial court upon the evidence found that when the note was executed and the receipt taken the defendant was solvent and, therefore, approved of the settlement in question.

The plaintiff and defendant differ as to what occurred at the time of the pretended settlement in December, 1895. According to the evidence of plaintiff Berkshire, he came to Harrisonville one morning and was in a hurry to get back; that Hoover fixed up the settlement and he signed the receipt; that after he had signed the receipt, he was informed by the defendant that he did not have the full amount of money on hand, and that he thought he said the money was loaned out and he would give him his note. The amount was $547.50, he claimed was due him. He gave him the $47.50 and his note for $500. Then the plaintiff asked him if his note was good, and he told him it was and if not his bondsmen were. Defendant Hoover testified that all the matters were talked over before they began the settlement; that it was agreed that plaintiff did not want the money and he asked him if he could loan it for him, and he told him that he would have to borrow it if he paid him, and that therefore the plain-

tiff said he was satisfied and the note was signed.   He further testifies that plaintiff loaned him the money.   The trial court, after some hesitation, sustained the settlement proposed by the defendant and placed his finding on the ground that at the time the note was given the defendant was solvent and, in effect, that the execution and delivery of the same was a payment.

Without entering into a discussion of the questionable policy of approving a transaction of the kind under consideration where it is shown that the curator has converted the estate of his ward, and thereby committed a breach of his bond, the judgment of the trial court is wrong on a plain principle of law.   It is the law of this State as enunciated by numerous decisions of the supreme and appellate courts that the taking of a note for an existing indebtedness is not a payment of it, without an express agreement to that effect. In State ex rel. Crider v. Wagers, 47 Mo. App. 431, it was held that "it was the well-settled law of this State that the taking of a bill of exchange or note is not payment unless the creditor expressly agrees to take it as payment and run the risk of it being paid."   See, also, Riggs v. Goodrich, 74 Mo. l. c. 112; Leabo v. Goode, 67 Mo. 126; Howard v. Jones, 33 Mo. 583.   "When a note has been taken for an indebtedness evidenced by open account, and a receipt is given therefor, a statement in the receipt to the effect that the note was taken in settlement of the account, would not be sufficient alone, to authorize the court to submit to the jury by instruction, the issue whether the note was taken in satisfaction of the account."   McMurray v. Taylor, 30 Mo. 265.   The evidence does not show that there was any express agreement between the parties, that the giving of the note and acceptance of the receipt were to be taken as a payment of the amount due.   It follows, therefore, that the theory upon which the court tried the case, was at variance with the law governing the issue tried.

The plaintiff's exception to the item of $100 paid defendant's attorney for this settlement ought to have been sustained. The defendant by reason of the fact shown by his own evidence that he had converted at least a part of his ward's estate, and consequently committed a breach of his bond, was not entitled to counsel fees, for assistance in a settlement made thereafter. The fact that this charge is for services where only nineteen items are included in the account, is a circumstance tending to show that the defendant was making every effort to wipe out all plaintiff's demand in order to shield his securities at the expense of his ward. Such acts of persons occupying a fiduciary relation ought to be discouraged, and it is the duty of the courts to condemn such methods in unstinted terms.

The respondent makes the point that the appeal herein should be dismissed because the appellant has not filed such an abstract as is required by the rules of this court. It is true that his abstract is very deficient. But as the respondent has supplied the deficiency by an abstract of his own under section 813, Revised Statutes 1899, the appellant is only chargeable with costs incurred by the respondent in curing the defect.

The cause is reversed with directions to the trial court to disallow the items of $100 attorney's fee, and $500 evidenced by the note in question, and to state the account accordingly. All concur.