## HARRY J. GILBERT *vs.* ADA WILBUR.

## Androscoggin.    Opinion December 30, 1908.

*Promissory Note.    Consideration.*

Where there was no forbearance to sue nor express agreement therefor, no discharge nor extinguishment of the original debt, no novation, nor new consideration, a note, in which no day of payment was fixed, given by the mother of a minor son to one who had sold personal property not necessaries to the minor, after the bargain with the minor had been fully completed and in which the mother had no part, was *held* to be without consideration.

On exceptions by plaintiff.    Overruled.

Action of assumpsit on a promissory note given by the defendant to the plaintiff.    Plea, the general issue.

Tried at the January term, 1908, Supreme Judicial Court, Androscoggin County. At the conclusion of the evidence, the presiding Justice ruled that no consideration for the note had been shown and ordered a nonsuit and thereupon the plaintiff excepted.

The case is stated in the opinion.

*George C. Wing and George C. Wing, Jr.,* for plaintiff.

*H. P. Carver,* for defendant.

SITTING:    EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, BIRD, JJ.

BIRD, J.    This is an action of assumpsit on a note of the following tenor:—

$250.                            Auburn, Maine, Dec. 1st, 1907.

       For value received I promise to pay Harry J. Gilbert or order two hundred and fifty dollars ($250) with interest at 6%.

                                      MRS. ADA WILBUR.

The plea was the general issue. The defense was want of consideration.

It appears that Earl Wilbur, the minor son of the defendant on or about the 25th day of November, 1907, bargained with the plaintiff for a milk route, to be delivered to the purchaser on the first day of December following, for the sum of $250, of which $150

was to be paid on delivery and $20 per month thereafter until full payment was made. In these negotiations between the plaintiff and the minor, the defendant had no part.

It was understood by the parties to the trade that the purchaser was to obtain the money for the cash payment from or through the guardian of the minor. The purchaser entered into possession of the milk route on the first day of December, 1907, without making the cash payment. The plaintiff after endeavoring without result to obtain the amount of the promised cash payment from the guardian on the sixth day of December, made the note in suit and sent it by the purchaser to be signed by his mother. This she did and it was delivered on the day following by the minor to the plaintiff. Subsequently to the delivery of the note, the plaintiff made an ineffectual attempt or attempts to obtain the cash payment from the guardian. Being unsuccessful, he commenced this suit on the eleventh day of December following. At the trial, upon the close of the plaintiff's evidence in rebuttal, a nonsuit was ordered for failure of plaintiff to show consideration for the note. To this order the plaintiff excepted.

We are unable to perceive wherein the plaintiff is aggrieved by this order. Here was no agreement of defendant with plaintiff nor credit given the defendant as a part of the bargain between plaintiff and the minor: *Sawyer* v. *Fernald*, 59 Maine, 500, 503; no discharge or extinguishment of the minor's indebtedness as in *Seymour* v. *Prescott*, 69 Maine, 376, and neither forbearance to sue nor an agreement therefor, the note being payable on demand; *Payne* v. *Caswell*, 68 Maine, 80; *Thompson* v. *Gray*, 63 Maine, 230; *Lambert* v. *Clewley*, 80 Maine, 480; *Moore* v. *McKenney*, 83 Maine, 80-86; nor novation, see *Hamilton* v. *Drummond*, 91 Maine, 175; nor any new consideration.

The foregoing is not to be regarded as a conclusion that forbearance, or an agreement to forbear, to sue a minor for property, other than necessaries, sold him may be consideration for the note or undertaking of another. Upon this point no opinion is expressed.

*Exceptions overruled.*

*Judgment for defendant.*