GOLDEN CITY BANKING CO., Appellant, v. JOHN A. GREISEL et al., Respondents.

Kansas City Court of Appeals, February 19, 1912.

OVERDRAFT: Note: Consideration. R, as secretary of a railway company, by an understanding with a bank gave the company's check on a bank where it had no funds, and the bank paid it. Afterwards R and another, at the request of the bank, gave their note to it for the amount of the check; but there was no agreement that the note settled and discharged the bank's claim against the railway company. *Held*, that the note was without consideration.

Appeal from Bates Circuit Court.—*Hon. W. A. Calvird*, Judge.

AFFIRMED.

*Van Pool & Martin* for appellant.

*Thomas J. Smith* for respondents.

ELLISON, J.—Plaintiff is a banking institution. The subject of this controversy is a promissory note for $353.40, executed by defendants to plaintiff. At the close of the evidence the trial court gave a peremptory instruction to find for defendants, and judgment was entered accordingly.

It appears that at the date of this note there was a corporation known as the Oklahoma & Golden City Railroad Company. Defendant Reed was secretary of that organization and defendant Greisel was its general manager, W. P. Burns was vice-president

and an active officer of the bank. He was also a stockholder, as well as treasurer, of the railroad company. W. S. Morrow was cashier of the bank and a stockholder in the railroad company. On the 27th of February, 1909, "a set of engineers' instruments" arrived at Golden City for the railroad company, with C. O. D. charges of $353.40. The railroad company had no funds, but gave its check on the plaintiff bank for that sum, signed by defendant Reed as "W. H. Reed, Sect. Okla. G. R. R."

The bank paid the check. It thus became an overdraft against the railroad company. On the 9th of March following, the bank was taken in charge by the state bank examiner, for investigation. He discovered this overdraft and objected to the bank resuming business without getting that item in better shape. The bank officers then proposed to defendants that they give their note, due on demand, for the overdraft, and they did so. The bank afterwards resumed business and brought this action on the note.

The substance of the foregoing is that the railroad company owed plaintiff on an account for an overdraft, and that defendants gave the note in suit promising to pay a sum they did not owe. No benefit whatever accrued to defendants; and, on the other hand, no detriment was occasioned to plaintiff. If one takes a note for an account, the original debt is not extinguished unless that be the agreement. [Appleton v. Kennon, 19 Mo. 637; Berkshire v. Hoover, 92 Mo. App. 349; Groomer v. McMillan, 143 Mo. App. 612.]

In this instance defendants have gained nothing, nor has plaintiff lost anything, for it still has a right in law to hold the railway company for the overdraft.

The record showing the note to be without consideration, the judgment will be affirmed. All concur.