RANDALL v. SIMMONS.

(Supreme Court, Appellate Term. April 9, 1912.)

CONTRACTS (§ 79*)—CONSIDERATION—PAST CONSIDERATION.

　　The prior assignment of a patent by plaintiff to defendant would not support a subsequent agreement by defendant to pay a part of the profits from the sale of the patent to plaintiff.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 357–381; Dec. Dig. § 79.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Purdy M. Randall against Charles P. Simmons. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Horace B. Hord, for appellant.

John T. Little (William V. Zipser, of counsel), for respondent.

BIJUR, J. This case turns upon the construction of written instruments. Plaintiff assigned to defendant for $100 an option on cer-

tain patents. The option permitted the purchase of the patents within six months. Subsequently the following letter was written:

"In consideration of your having assigned to me, and placed in escrow with Mr. Charles C. Gill, the Smith carburetor patents for England, Germany, Austria, Belgium, France, and Italy, for a period of six months, at a net price of $10,000, I hereby agree to pay over to you, if a sale is made by me of any or all of said patents, one-third of the cash profit from such sale as and when received by me."

Thereafter defendant sold the option, though not the patents, to a third party for $1,000. Plaintiff claims that this was a mere evasion of the terms of the letter, and that he is entitled to his share of $900, being defendant's personal profit on the transaction. Defendant insists that there is no evidence that plaintiff complied with the terms of the letter by causing an assignment of the patents to be placed in escrow as therein provided. It appears, however, on the contrary, that such an assignment was made and executed prior to the writing of the letter, and that the phrase in the letter relating to that matter referred, not to a future, but to a past, act.

Under these circumstances, however, it is quite clear that there was no consideration for defendant's promise in the letter, and the judgment for the plaintiff must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.