WITT et al. v. WILSON.

(Court of Civil Appeals of Texas. Austin. Oct. 22, 1913.)

1. BILLS AND NOTES (§ 92*)—CONSIDERATION —NECESSITY OF CONSIDERATION.

A promise to pay the debt of another is nudum pactum and void for want of consideration, unless there be some benefit to the obligor, or detriment to the obligee, as a promise of forbearance; hence a note given by shareholders who were not responsible for a corporation's debts to reimburse another for moneys advanced the corporation is void for want of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. § 92.*]

2. BILLS AND NOTES (§ 94*)—"PAST CONSIDERATION."

A "past consideration" is some act or forbearance in time past by which the obligor has benefited without incurring any legal liability, and it is insufficient to support a promise; hence the past consideration of the advancement of money to a corporation of which defendant was a shareholder will not support a promissory note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–181, 185–189, 192, 193, 196–198, 200, 202–207, 212; Dec. Dig. § 94.*

For other definitions, see Words and Phrases, vol. 6, p. 5228.]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by E. M. Wilson against E. E. Witt and J. M. Witt and another. From a judgment for plaintiff, defendants Witt appeal. Reversed and rendered.

Marshall Surratt, of Waco, J. B. Durrett, of Belton, and Witt & Saunders, of Waco, for appellants. Stanton Allen, of Bartlett, for appellee.

RICE, J. The same being virtually concurred in by appellee, we copy the statement of the nature and result of the suit from appellants' brief, which shows that it was brought by appellee against appellants E. E. and J. M. Witt and W. J. Harlan, on a promissory note executed by them to appellee May 1, 1910, payable on or before January 1, 1911, for the sum of $1,016.40. Harlan made no defense, and judgment went against him by default, but the Witts, who alone appealed, answered by general demurrer, general denial, and by special plea, alleging under oath that said note was executed by them without consideration; that it was given to appellee for money claimed by him to have been advanced to the Mexico Wax Company, a corpo-

ration in which the plaintiff and defendants in said suit were stockholders; that no part of said money was received by appellants or either of them; but that the same was paid, if at all, to said company and its creditors by appellee of his own accord prior to the execution of said note, and without any request on the part of appellants or either of them, and without promise by them or either of them to reimburse him, and that appellants thereafter, and without any consideration passing to them, at the request of appellee executed said note. Appellants further specifically answered that, if said note is not wholly without consideration, it is partially so, in that if it should be held that the advancement of said money by appellee to said corporation, in which both appellants and appellee were stockholders, would constitute any consideration for the subsequent execution of said note by appellants to appellee to reimburse him for such advancement, then their liability was in proportion to the respective amounts of stock held by them in said company. Appellants further pleaded an express agreement that they should be held on said note only in proportion to their respective stock holdings, the amount of which was stated in said plea. Appellee in his second supplemental petition, among other things, alleged that the note sued on was given for money advanced by the plaintiff to the corporation and used for its benefit; that said money was so advanced by him before the execution of said note; that there was never at any time any agreement or contract, either verbal or in writing, between himself and appellants, in which it was agreed that the signers of said note should only be liable thereon in proportion to their holdings of stock in said company, but made no claim that appellants at any time made any request that he advance said money, or any agreement to repay said money, other than the mere execution of the note sued on; and specially alleged that said note actually expressed the only agreement had between plaintiff and defendants with regard to the debt thereby evidenced. The only issue submitted by the court to the jury was as to whether or not there was any express agreement between appellee and appellants to the effect that they should only be liable for their proportional part of the note, and declined to sustain their plea of want of consideration, or to submit such issue to the jury. There was a verdict for appellee for the amount of said note, upon which judgment was duly entered, and appellants prosecute this appeal, contending that the court erred in failing to peremptorily charge the jury to return a verdict in their behalf, and in refusing to give their special instruction to this effect.

The Mexico Wax Company was a corporation, chartered in 1909, with a capital stock

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of 2,000 shares of the par value of $20,000. This company was an organized and officered corporation, and was managed by its duly elected officers, principally by E. M. Wilson, appellee. He was treasurer or acting treasurer all the while, and owned 674 shares of stock therein, J. M. Witt owning 74½ shares and E. E. Witt 42 shares, while Harlan, the cosigner on said note, owned 307 shares. Appellee in his second supplemental petition admitted that the note sued on was given for money advanced by him to the company and its creditors for the benefit of said company, and that the money was advanced before the execution of the note, and that it expressed the only agreement between the parties in relation thereto. He testified on the trial that the consideration in the note was money paid by him to said company and its creditors for its benefit; that such payments were made in settlement of drafts and bills, sent, in most instances, to the Bartlett Bank for collection, but perhaps some of the money was sent direct to the company's offices in Mexico; that the money was paid to the company for its sole use, and that at the time the amounts were furnished he was either treasurer, or acting as such; and that there were no funds in the treasury belonging to the company, and when these bills and amounts were needed he furnished it out of his own personal funds, and that the note sued on was for the amount he had furnished up to the time of its execution, stating that he had balanced his account with the company on said date, and found that they owed him $1,016.40, the amount of said note.

[1,2] The uncontradicted evidence by appellants showed that there was no promise made by either of them to repay the money for which the note was given before it was advanced by the payee to the company, and that there was no release of said company, but it was still looked to for payment, and there was nothing moving to them or either of them for the execution of the note, either prior to or at the time of its execution. The court should have instructed a verdict for appellants if there was no consideration for the note sued on. We again quote from appellants' most excellent brief a list of authorities collated by them as follows:

It is said in 9 Cyc. 313, that: "A promise to pay the debt of another is nudum pactum and void for want of consideration, *unless* there be some benefit to the obligor or detriment to the obligee, as a promise of forbearance, or the like." And on page 318 the same author says: "A promise to pay money, where there is no legal obligation to pay (and no other obligation), is not enforceable."

In 7 Cyc. 701, this language is found: "The debt of another is not a valid consideration for a promise to pay, unless the debt was incurred upon the promise of obligor, or unless the debt of the other is discharged, or there is some new consideration moving to the obligor."

Again it is said in 9 Cyc. 356, 357, that: "A promise made in the sense of moral obligation is not made upon a sufficient consideration, and is not legally binding. Thus a son is under the strongest moral obligation to support his infirm and indigent parents, but he is under no legal obligation to do so. The law will not enforce a promise on his part to pay another who has done so without his request." Again, in the same volume, at pages 358, 359, it is said that: "By the great weight of authority, any past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever. *A past consideration is some act or forbearance in time past by which he has benefited without thereby incurring any legal liability; if afterwards, from good feeling or interested motives, he makes a promise to the person by whose act and forbearance he has benefited, and that promise is made upon no other consideration than the past benefit, it is gratuitous, and cannot be enforced*—and thus services rendered or money expended in the past, but not at the express or implied request of the person benefited by them, will not support a promise by him to pay for them." See, also, 6 Am. & Eng. Ency. 690.

In Golden City Banking Co. v. Greisel et al., 161 Mo. App. 477, 144 S. W. 166, the subject of the controversy was a promissory note for $353.40, executed by Greisel and others to the banking company. The banking company had paid a check for the same amount drawn on it by the Oklahoma & Golden City Railroad Company, although said road had no funds on deposit in the bank at the time, and the amount of the check thus became an overdraft against the railroad company. This overdraft was later objected to, and the defendants in the suit, being officers of the railroad company, gave their personal note, due on demand, for the amount of the overdraft, and the bank brought suit against the signers of said note. In holding that the note was without consideration the court says: "The substance of the foregoing is that the railroad company owed the plaintiff bank on an account for an overdraft, and that defendants gave the note in suit, promising to pay a sum they did not owe. No benefit accrued to defendants; on the other hand, no detriment was occasioned to plaintiff. If one takes a note for an account, the original debt is not extinguished unless that be the agreement (citing cases). In this instance defendants gained nothing, nor had plaintiff lost anything, for it still has a right in law to hold the railroad company for the overdraft."

In Simmang v. Farnsworth, 24 S. W. 541, Simmang signed a note as surety after its delivery, and after certain machinery for which it was given by the principal had been delivered to him, there being no agreement that Simmang would sign, and no new consideration moving to the principal. It was

held that there was no consideration, and that Simmang was not liable.

In McDonald v. Young, 41 S. W. 885, where a note was given for court costs which did not release the bond theretofore given therefor, it was held that the note was unenforceable for want of consideration.

In First State Bank of Nortonville v. Morton et al., 146 Ky. 287, 142 S. W. 694, which was a suit on a promissory note, claimed by the defendants to have been executed by them without consideration, it was held that the note was without consideration, and therefore not collectible; the court saying: "A consideration sufficient to uphold a contract must be either a benefit to the promisor or a detriment to the promisee. It is also a well-settled proposition of law, that as between the original parties, the consideration of a promissory note may be impeached and a total failure of consideration will bar a recovery. In the case at bar Morton received no benefit whatever, and the bank incurred no disadvantage whatever by the transaction. On the contrary, at the end of the transaction, each party stood exactly as he did at the beginning of it." The court delivering the opinion in that case quotes approvingly as follows from Dowagiac Manuf. Co. v. Van Valkenburg, 111 Minn. 1, 126 N. W. 119: "The note was originally executed by the respondent's son, and the respondent was in no manner connected with the note, or the consideration for which it was given. After the note was past due, an agent of the plaintiff called upon the respondent, and told him that he had the note against his son, that it was due, and that he was going to sue his son, but he had not time to go and see him. The agent then requested the respondent to put his name on the note, so that he could show his company that he had not been idle, but had been doing something. The respondent then signed the note at the agent's request, without any consideration whatever. The son never requested the respondent to sign the note, and had no knowledge that he had done so until long afterwards. Other than as stated, there was no evidence that there was any agreement to extend the time of the payment of the note, or that the time of payment of the note was ever extended, in reliance on the fact that respondent had signed it. It is clear from the evidence that the respondent signed the note without any circumstances of advantage to his son or disadvantage to the plaintiff, and without any consideration."

For additional cases in point, see West Coast Co. v. Bradley, 111 Minn. 343, 127 N. W. 6; Gilbert v. Wilbur, 105 Me. 74, 72 Atl. 868; Saul v. South Seam & Cabinet Co., 6 Ga. App. 843, 65 S. E. 1065; Randall v. Simmons (Sup.) 134 N. Y. Supp. 523; Bulkley v. Landon, 2 Conn. 404; Allnutt v. Allnutt (Ky.) 127 S. W. 986; Marlow et al. v. King, 17 Tex. 177; Ward v. Barrows, 86 Me. 147, 29 Atl.

922; Shugart v. Shugart, 111 Tenn. 179, 76 S. W. 821, 102 Am. St. Rep. 777; Jones v. Ritter, 32 Tex. 717.

We do not think there is any merit in the insistence of appellee that the money was expended in furtherance of a joint enterprise or undertaking on the part of the promisors and promisee, and therefore furnishes a valuable consideration for a promise of repayment on their part, because such contention is not supported by the evidence, but conclude that the doctrine announced in the foregoing authorities supports appellants' contention that there was no legal consideration for the execution of the note sued on, and hold that it was duty of the court to have given a peremptory charge in favor of appellants.

So believing, it becomes our duty to reverse the judgment of the court below, and here render judgment for appellants, and it is so ordered.

Reversed and rendered.