SANTIKOS v. HAMILTON–TURNER GROCERY CO.  (No. 6008.)

(Court of Civil Appeals of Texas. Austin. Jan. 2, 1919. Rehearing Denied Feb. 5, 1919.)

BILLS AND NOTES ☞94(1)—CONSIDERATION—INDEBTEDNESS OF THIRD PARTY.

Note executed to pay indebtedness of third party for goods furnished prior to execution of note, and not at request of maker, was without consideration and was not collectable.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by the Hamilton-Turner Grocery Company against Louis Santikos. From a judgment overruling a motion to enter judgment for defendant, he appeals. Reversed, and judgment rendered for defendant.

Witt, Terrell & Witt, of Waco, for appellant.

S. J. T. Smith, of Waco. for appellee.

JENKINS, J. This was a suit upon a note executed by appellant and payable to appellee, a private corporation. Appellee is engaged in the grocery business, and one Mellatis was its customer. Mellatis failed in business, and was owing at the time something over $200 to appellee. Appellant is the nephew of Mellatis. At the request of W. H. Turner, vice president of appellee, appellant executed his note to appellee for $200, which was owing by Mellatis to appellee. The goods were not sold to Mellatis at the request of appellant, and there was no consideration for the execution of this note. Turner, who got the note from appellant, testified as follows:

"Defendant and I always had been pretty good friends at all times from the time he first started in Waco, from the time he ran a hamburger stand down on Eighth street. He advised with me in all business propositions of all character and kinds, taken up lots of my time, and I was fortunate enough to give him good advice. Mellatis is Louis' uncle. We were on very friendly terms, all of us. So, when Mellatis went out of business, I asked Louis if he would see that I got my money. Louis said he would; so I got the note and gave it to him, and he signed it, and that was all there was to it. We had sold Mellatis' groceries. I sold him the groceries before I had anything to say to Louis, the defendant. Mellatis owed me the debt. Louis was really under moral obligations. As I say, this may not be law; but on account of the many favors that I had done this boy in the past, he was absolutely under moral obligations all the time to take care of me on this debt. There never was a word spoken then (at the time I got the note) about Tom Mellatis, as to his paying or not paying, or anything else, or as to Louis paying in small amounts, or large amounts, or anything else. I mean about Tom paying small amounts or large amounts. I do

not remember whether or not Tom's name was mentioned."

The note in suit was executed by appellant January 5, 1915. On February 3 1915, appellee's bookkeeper entered a credit on the Mellatis account for $200, which he says was on account of this note. Appellant had nothing to do with the entry, and knew nothing about it. This is the substance of the testimony for appellee.

At the conclusion of appellee's testimony, appellant moved the court to enter judgment in his favor, which motion was by the court overruled. In this we think there was error. The views of this court with reference to the liability of the party who executes a note for the debt of another, without any consideration, are fully expressed in Witt v. Wilson, 160 S. W. 309, in which opinion Mr. Justice Rice cites numerous authorities to sustain the proposition that such a note is not collectable. Upon authority of that case, the instant case will be reversed, and judgment here rendered for appellant.

Appellant's testimony made a stronger case for himself. He testified that Mr. Turner told him that, if he would execute the note, so that Mellatis would think that he had it to pay, that Mellatis would pay it off in small amounts, and that he did not expect appellant to pay the note. Our decision herein, however, is based exclusively upon the testimony of appellee.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered for the appellant.

Reversed and rendered.